The Federal Land Bank of St. Louis, Mo., Appellant, v. S. L. Cantley, Commissioner of Finance et al., Respondents.—44 S. W. (2d) 269.

Kansas City Court of Appeals. December 7, 1931.

*C. S. Hall* and *Howell H. Heck* for appellant.

*J. R. Hales, L. J. Bishop* and *D. C. Chastain* for respondents.

CAMPBELL, C.—Plaintiff brought this action on March 24, 1931, in the circuit court of Bates county, to establish a preferred demand against the assets of the Farmers and Merchants Bank which had been placed in the hands of the Commissioner of Finance of the State for liquidation. The trial resulted in a judgment for the defendant. Plaintiff has appealed.

It is alleged in the petition that on August 27, 1930, the assets of the bank were placed in the hands of the commissioner for liquidation; that the commissioner gave notice to present all claims against the bank on or before January 29, 1931; that the claim referred to in the petition was duly presented and allowed by the commissioner as a general claim.

There was no evidence that the claim upon which the action is based was filed with the commissioner before the institution of this action.

In the view we take of the case, further statement is unnecessary.

Section 5337, Revised Statutes 1929, provides: "in all actions or proceedings instituted against such corporation or banker while the commissioner is in possession of its property and business, the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that sixty days have elapsed since the expiration of time for filing said claims and that said claim has not been approved."

It was essential for plaintiff to allege and prove that the claim asserted had been filed with the commissioner and that sixty days had elapsed since the expiration of time for filing claims and that said claim had not been approved.

There is no evidence that the claim was filed with the commissioner. In fact, plaintiff asserts that the claim was not filed with the commissioner at any time; that the amount of the claim was included in a claim filed with the commissioner by the representative of a loan company.

Plaintiff argues that said section 5337 applies only to claims which have been filed with the commissioner.

There are two reasons why we cannot allow that contention.

Plaintiff alleged in its petition "that the claim herein referred to was duly presented and allowed by the said commissioner as a general claim." Plaintiff is bound by the allegation.

The statute is mandatory that in an action instituted against the corporation or banker while the commissioner is in possession of its

property, the plaintiff therein "shall be required to allege and prove that the claim upon which the action is instituted was duly filed. . . ."

Absent allegation and proof required by statute, the plaintiff's case must fail. [Bowersock Mills & Power Co. v. Trust Company, 298 S. W. 1049; Evans v. Peoples Bank, 6 S. W. (2d) 655; Cold Springs Lodge v. Cantley, 18 S. W. (2d) 111.]

The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.